**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT D. KLINE,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. _____** |
| **DELLA SMITH,** | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Della Smith ("Smith" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the Court of Common Pleas, Mifflin County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, Smith states as follows:

**I.    Background**

1.      On September 3, 2020, Plaintiff Robert D. Kline ("Kline") filed a Complaint in the Court of Common Pleas, Mifflin County, Pennsylvania, Case No. CV-2020-815 (the "Complaint") against Smith. A true and correct copy of the Complaint and other papers in Smith's possession are attached hereto as **Exhibit "A"**.

2.      The suit is based on alleged violations of the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.* ("DPPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and its implementing regulations, as well as claims for trespass to chattel for alleged wear and tear on Kline's phone and invasion of privacy/seclusion for allegedly calling Kline.

1

3.      Smith was never properly served with the Complaint or any other documents. However, on October 7, 2020, Smith's employer notified Smith's counsel of an "Important Notice" it received in the mail, which was addressed to Smith.  *See* **Exhibit "B"**. Smith's counsel then researched the underlying Pennsylvania state court case and obtained a copy of the Complaint from the state court.  Smith expressly reserves the right to challenge the sufficiency of service of process and likewise assert any other defenses she has to the Complaint after removal.

4.      The "Important Notice" received by Smith's employer, which was not properly served on Smith, states that Smith must file her defenses or objections to the Complaint by October 12, 2020.  The parties agreed to stay any action on that deadline pending attempts to resolve this matter, which were unsuccessful.

5.      Smith now timely removes this action to this Court.

**II.   Basis for Jurisdiction**

6.      This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441(a).  This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."

7.      Kline's Complaint asserts violations of a federal law, namely the DPPA and TCPA. *See generally* Ex. A.  Notably, the Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States.  As such, this Court has federal question jurisdiction over this matter.

8. Indeed, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

9. Based upon the foregoing, this Court has federal question jurisdiction over this action and venue is proper in this Court for purposes of removal.

10. The Court also has supplemental jurisdiction over any state law claims asserted by Kline, pursuant to 28 U.S.C. § 1367, as those claims are so related to the DPPA and TCPA claims over which the Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

## III. Rule of Unanimity

11. The requirement that all Defendants consent to and join a notice of removal in order for it to be effective is referred to as the "rule of unanimity." The "rule of unanimity" has been codified as 28 U.S.C. § 1446(b)(2)(A), which provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

12. Smith is the only Defendant in this action and files this Notice of Removal. Accordingly, the rule of unanimity is satisfied.

## IV. Notice Given

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Kline, and a copy will be promptly filed with the Prothonotary of the Court of Common Pleas, Mifflin County, Pennsylvania.

**V.   Removal is Timely Filed**

14.   This Notice has been timely filed within thirty (30) days of Smith receiving a copy of the Complaint on October 7, 2020, as required by 28 U.S.C. § 1446(b)(2).

**VI.   Pleadings and Process**

15.   Although Smith was not properly served with process, including the Complaint, Smith has attached to this Notice of Removal as Exhibit A the Complaint and all documents her employer received in an effort to fully comply with 28 U.S.C. § 1446(a).

**VII.   Venue**

16.   Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper for purposes of removal because this action is currently pending in the Court of Common Pleas, Mifflin County, Pennsylvania, which is in the same District as the United States District Court for the Middle District of Pennsylvania.

**VIII.   Non-Waiver of Defenses**

17.   Nothing in this Notice shall be interpreted as a waiver or relinquishment of Smith's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446, this Court has jurisdiction over this matter, and Defendant Della Smith hereby removes this action from the Court of Common Pleas, Mifflin County, Pennsylvania, to this Court.

21071213v1

Dated: November 4, 2020

/s/  **Bryan M. Shay**
Bryan M. Shay, Esq.
PA Bar No. 205953
bshay@PostSchell.com
POST & SCHELL, P.C.
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Telephone: 215-587-1182
Facsimile: 215-320-4876

Jeffrey A. Backman, Esq.
Florida Bar No. 662501
jeffrey.backman@gmlaw.com
(*Pro Hac Vice Application Forthcoming*)
GREENSPOON MARDER LLP
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954.491.1120
Facsimile: 954.343.6958
*Attorneys for Defendant*

21071213v1

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by email and U.S. first class mail on this 4th day of November, 2020, to the Plaintiff at the following:

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
<u>rob@eawireless.com</u>

*/s/  **Bryan M. Shay**_____*
Bryan M. Shay, Esq.

21071213v1

# EXHIBIT A

Robert D. Kline,                 )   IN THE COURT OF COMMON

                           )   PLEAS, MIFFLIN CO, PA

       PLAINTIFF       )   CIVIL ACTION - LAW

                           )   NO. CV - 2020 -  815

       V.                    )

                           )

Della Smith,                 )

                           )

       DEFENDANT    )

## PLAINTIFF'S COMPLAINT

## PLAINTIFF

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
570-658-3448

## DEFENDANT

Della Smith c/o
Protect My Car
570 Carillon Parkway, Ste. 300
Saint Petersburg, FL 33716

Robert D. Kline,                                    )  IN THE COURT OF COMMON
                                                    )  PLEAS, MIFFLIN CO, PA
      PLAINTIFF                               )  CIVIL ACTION - LAW
                                                    )  NO. CV - 2020 - 815
      V.                                      )
                                                    )
Della Smith,                                        )
                                                    )
      DEFENDANT                               )

### Notice

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MIDPENN LEGAL SERVICES
3 WEST MONUMENT SQUARE, SUITE 303
LEWISTOWN, PA 17044
(717) 248-3099

Robert D. Kline,

      PLAINTIFF

      V.

Della Smith,

      DEFENDANT

)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON
PLEAS, MIFFLIN CO, PA
CIVIL ACTION - LAW
NO. CV - 2020 -  815

JURY TRIAL DEMANDED

**PLAINTIFF'S COMPLAINT**

**FACTS COMMON TO ALL COUNTS**

COMES NOW, Plaintiff Robert D. Kline pro se who files this complaint and avers as follows:

1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant herein has a residence at 2256 Fairview Road, McClure, PA 17841.

2. Defendant, **Della Smith,** is a salesperson for Protect My Car, LLC and/or Advanced Marketing & Processing, Inc. selling warranties/vehicle service contracts on vehicles and was served with process at 570 Carillon Parkway, Ste. 300, Saint Petersburg, FL 33716.

3. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant obtained vehicle identification information on prospective clients from Pennsylvania Department of Motor Vehicles in violation of 18 U.S. Code § 2721 et seq. to generate leads to sell said warranties/vehicle service contracts via use of the telephone.

4.  Plaintiff believes and therefore avers that Defendant is engaged in, inter alia, illegal telemarketing of said warranties/vehicle service contracts by using "automatic telephone device services" (ATDS) to call prospective clients' phones either directly and/or coupled with prerecorded messages (robo calls), through agents and/or subcontractors without the prospects expressed written expressed permission.

5. The initial phone call placed by Defendant, her agents, subcontractors or employees to Plaintiff utilized ("ATDS") technology as defined by 47 U.S.C. §227 (a)(1).

6. More specifically Plaintiff believes and therefore avers that Defendant's ATDS has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person) which enabled the Defendants to make automatic calls to potential clients.

7.  Such activities described herein are done in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

8.  Plaintiff avers upon information and belief, since Defendant supports and has a conspiratorial working relationship with various people in her illegal telemarketing campaign to include other agents which she knows regularly use illegal phone solicitation with the use of ATDS machines and prerecorded calls to cell phones, all of which are done without permission of the person called, she

has knowingly and willfully engaged in activities that are illegal under the TCPA.

9. Given the averments expressed in Paragraph (8) above, Defendant has aided and abetted other agent's illegal actions and, therefore, to the extent legally cognizable, she accepts personal liability as well as vicarious liability for those people, employees or agents who assist her in telemarketing her warranties/vehicle service contracts in violation of the TCPA.

10. Plaintiff avers that he has never given his expressed written permission for Defendant or her agents to call him at any time prior to the filing of this Complaint.

11. When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the subscriber may have to pay for each call.

12. Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the call that is pleaded herein as well as punish those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected.

13. Defendant or her agent's phone call constitute a call that was not for emergency purposes as illuminated in the exceptions section of 47 U.S.C. §227 et seq.

14. The phone call described herein, which was generated by Defendant and/or her agents to Plaintiff's cell phone specifically violated 47 U. S. C. §227(b)(1)(A)(iii) and was a ATDS phone call.

15. Upon information and belief Plaintiff avers that he is not able to find

Defendant registered as telemarketers in the Commonwealth of Pennsylvania as required by The Pennsylvania Telemarketing Registration Act 73 P.S. §§2241 – 2249 ("the Act").

16.   The Act provides at § 2243(c), inter alia, that failure to register as required by the act constitutes a misdemeanor of the second degree.

17.   Plaintiff avers that he and Defendant are persons as defined by 47 U. S. C. §153(39).

**COUNT I – WILLFUL VIOLATION OF  47 U. S. C. §227(b)(1)(A)(iii)**

18.   Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

19.   On August 20, 2020 at approximately 4:56 PM Eastern Standard Time Plaintiff answered his cell phone 717-242-2805 and received an ATDS type call from 717-862-4479.

20.   When Plaintiff answered his phone from the call described in Paragraph 19 above he heard dead air followed by a blip after which an agent for Defendant answered and indicated he could provide automobile warranties and would pass the Plaintiff's call to the underwriting department and then Defendant answered.

21.   Defendant offered, inter alia, a vehicle warranty to Plaintiff and provided the number of 800-291-0981 which was said to be a customer service line of Protect My Car, LLC who she said she worked for.

22.   The above referenced call was a telemarketing call made without expressed written permission of Plaintiff as required by the TCPA and Defendant, by violating the TCPA through her agents and engaging in activities that are

beyond the scope of her duties, has assumed personal liability for all ultra vires actions as they are not protected by any corporate liability umbrella.

23.  Plaintiff has suffered concrete injury in fact because the call of the Defendants and their agents caused him to have to stop what he was doing and spend time to investigate who or what entity was repeatedly calling him in an effort to get it stopped.  As further injury, the Plaintiff's cell phone battery capacity was diminished as well as the storage memory and he was therefore dispossessed of the legitimate use of his phone.

24.  Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing/ATDS call, Defendant has violated 47 U.S.C. 227 et seq. which entitles the Plaintiff to statutory damages of $500.00.

25.  Plaintiff avers that the call referenced herein this Count I was made knowingly and willfully without proper safeguards as required by the TCPA and that he is therefore entitled to $1500.00 per call for each call in violation of the TCPA.

26.  Plaintiff avers that he was not a customer of Defendant at any time prior to said ATDS phone call.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action for the violations of the TCPA as illuminated herein this Count.

## COUNT II - TRESPASS TO CHATTELS

27.  Plaintiff incorporates by reference each proceeding and succeeding

paragraph as though fully set forth herein.

28.   Plaintiff, not the Defendant, pays money to AT&T for the cell phone services and the various phone calls he makes or receives ("his calling plan") and, therefore, his calling plan and use of his cell phone for all purposes herein are his personal property to be used as only he sees fit.

29. The phone call, which is identified and described in Count I, was made illegally by or through Defendant or her agents to Plaintiff which was unwanted and unsolicited by Plaintiff and thus it illegally wears the battery and consumes memory of his cell phone causing concrete injury in fact.

30. Plaintiff avers that, since said phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and Defendant's and/or her agent's calls to Plaintiff were made without his permission, the Defendant is liable for trespass to chattels.

31. Plaintiff avers that he has had his property damaged by Defendant and thus he is entitled to seek money damages from Defendant in the amount of One Dollar ($1.00) for the call described herein.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Dollar ($1.00) plus the costs of this action.

## COUNT III

### Willful Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 C.F.R. 64.1200(d)(1)

32. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

33.  Plaintiff has made request of Defendant to obtain a copy the written "Do-Not-Call Policy" as provided for at 47 C.F.R. 64.1200(d)(1).

34.  Plaintiff avers that more specifically that the Federal Communications Commission (FCC) has stated that no person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

35.  Plaintiff avers that the above described FCC regulation further requires that, inter alia, persons or entities making calls for telemarketing purposes must have a written policy, available upon demand to be provided to people or entities that may request a copy of the policy.

36.  To date Plaintiff has not been provided any written policy and therefore Plaintiff concludes that none exists which is a violation of the TCPA.

37.  Plaintiff avers that 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4) as well as the applicable sections of the Code of Federal Regulations that relate to the TCPA.

38.  Plaintiff believes and therefore avers that, since Defendant did not send Plaintiff a copy of said policy because she does not maintain any and thus her failure to do so is a willful violation of the 47 C.F.R. 64.1200(d)(1) as described herein this Count.

39.  Plaintiff avers that he is entitled to $1500.00 damages under the TCPA because the violation, described in this Count is a willful violation which violates

47 C.F.R. 64.1200(d)(1).

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action for the violation of the TCPA as illuminated herein this Count.

## COUNT IV
## VIOLATION OF DPPA (18 U.S.C. § 2721 ET. SEQ.)

40.  Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

41.  Defendant is in the business of the telemarketing of vehicle after market warranties/vehicle service contracts which require sales leads of prospective clients and, inter alia, their vehicle identification number (VIN) to be listed on the warranty.

42.  During the conversation with Defendant referred to in Count I, she knew Plaintiff owned a 2018 Chevrolet Silverado truck and thus, to have had that knowledge, she knowingly used records that are to be kept private which Defendant had no right to do.

43.  Plaintiff believes and therefore avers that Defendant or her agents knowingly and improperly obtained personal motor vehicle information of the Plaintiff from unknown sources that was originally kept by the Commonwealth of Pennsylvania relating to Plaintiff's vehicles which was not used for any of the statutory enumerated purposes and was used for illegal sales/telemarketing leads.

44.  Plaintiff believes and therefore avers that Defendant, in her quest to

promote and sell after market warranties, knowingly used Plaintiff's personal information which she had not right to possesses and disclosed it to various other agents and thus she violated 18 U.S.C. § 2721 et seq. ("DPPA") and Plaintiff's privacy.

45.   Plaintiff believes and therefore avers that Defendant's actions as described herein were not for any legal purpose and thus manifest willful reckless disregard of the DPPA by using private information in the promotion of telemarketing sales to Plaintiff of after market warranties/maintenance agreements.

46.   Plaintiff avers that the DPPA provides, inter alia, that a person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this 18 U.S.C. 2724(a) shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court to, inter alia, seek statutory damages of $2500.00.

47.   Plaintiff avers that the actions of the Defendant described herein this Count make her liable under the DPPA to Plaintiff.

WHEREFORE, PLAINTIFF requests This Honorable Court grant the following:

(a) statutory damages in the amount of Two Thousand Five Hundred Dollars $2,500;

(b) punitive damages upon proof of willful or reckless disregard of the law; and

(c) reasonable attorneys' fees, should an attorney be required, and as well as

the costs of this action.

## COUNT V – INVASION OF PRIVACY/SECLUSION

48. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

49.   Plaintiff avers that Defendant, in her quest to make money in her telemarketing campaigns, did not use "scrubbed" lists of phone numbers which are free from cell phone numbers and also call phone numbers that are listed on the federal "Do Not Call" registry.

50. Defendant is a sophisticated telemarketer that acts volitionally, plays the odds against getting caught for violations, ignores the rights of the Plaintiff as well as others and seems to be undeterred despite having been knowingly and willfully in violation of the law in numerous ways.

51.   Given all the averments pleaded in this suit describing the illegal activities of the Defendant, Plaintiff considers the methods of conducting business and actions of the Defendant to be outrageous and highly offensive that caused the Plaintiff anxiety, mental distress as well as loss of joy of life which constitutes further injury in fact.

52. Defendant, by engaging in the illegal behaviors described herein, especially in light the specific legislation enacted by Congress, has thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy/seclusion which U.S. Congress has affirmed

violates the intent of the TCPA.

53. The U. S. Federal Third Circuit Court of Appeals has determined that telemarketing calls as described herein constitute intrusion into seclusion.

WHEREFORE Plaintiff demands judgment against Defendants in the amount of Five Thousand Dollars ($5,000.00) plus the costs of this action.

Respectfully submitted,

Robert D. Kline – Plaintiff pro se
2256 Fairview Road
McClure, PA 17841
570-658-3448

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline - Plaintiff pro se
2256 Fairview Road
McClure, PA 17841
570-658-3448

---------------------------------------------------------------------------------------

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief. I understand that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline – Plaintiff pro se
2256 Fairview Road
McClure, PA 17841
570-658-3448

September 3, 2020

## CERTIFICATE OF SERVICE

On September 3, 2020, I Robert D. Kline, Plaintiff herein served a copy of Plaintiff's Complaint on Defendant listed below via U. S. Mail, postage paid first class addressed as follows:

Della Smith c/o
Protect My Car
570 Carillon Parkway, Ste. 300
Saint Petersburg, FL 33716

Robert D. Kline – Plaintiff pro se
2256 Fairview Road
McClure, PA 17841
570-658-3448

# EXHIBIT B

Robert D. Kline,                          )        IN THE COURT OF COMMON
                                          )        PLEAS, MIFFLIN CO, PA
        PLAINTIFF                         )        CIVIL ACTION - LAW
                                          )        NO. CV - 2020 -  815
        V.                                )
                                          )
Della Smith,                              )
                                          )
        DEFENDANT                         )


October 2, 2020

To: Della Smith

### IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

 YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

 IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

                    MIDPENN LEGAL SERVICES
              3 WEST MONUMENT SQUARE, SUITE 303
                    LEWISTOWN, PA 17044

                    _____
                    Robert D. Kline - Plaintiff
                    2256 Fairview Road
                    McClure, PA 17841
                    570-658-3448

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

-------------------------------------------------------------

## CERTIFICATE OF SERVICE

On October 2, 2020 the Plaintiff has caused a copy of Important Notice to be served by first class regular mail postage prepaid on the defendant listed below with proof of mailing addressed as follows:

Della Smith c/o
Protect My Car
570 Carillon Parkway, Ste. 300
Saint Petersburg, FL 33716

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Plaintiff pro se
570-658-3448



FOREVER USA
OCT 3 3 2020
FOREVER



Robert Kline
2256 Fairview Rd
Mc Clure, PA 17841

Della Smith c/o
Protect My Car
570 Carillon Parkway, Ste. 300
Saint Petersburg, FL 33716

33716£31344  C062